Richard Morin (SBN 285275)
Bryce Fick (SBN 322951)
Law Office of Rick Morin, PC
500 Newport Center Drive Suite 610
Newport Beach, CA 92660
Phone: (949) 996-3094
Email: legal@rickmorin.net

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Vikki Lee Vega, <br><br> Plaintiff, <br> v. <br><br> Kern Valleyidence Opco, LLC, <br><br> Defendant. | Case No. <br><br> **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** <br><br> **Jury Trial Demanded** |

Plaintiff Vikki Lee Vega ("Plaintiff") alleges the following:

## INTRODUCTION

Plaintiff brings this action against Defendant Kern Valleyidence Opco, LLC ("Valleyidence Opco") for unlawfully and intentionally discriminating against Plaintiff because of Plaintiff's disability and denying Plaintiff full and equal access to the San Joaquin Nursing and Rehabilitation Center at 3601 San Dimas Street in Bakersfield, California.

## PARTIES

1. Plaintiff is a natural person. Plaintiff is and has been considered disabled.

2. Valleyidence Opco is a California limited liability company with its principal place of business in Bakersfield, California. At all times relevant to this complaint, Valleyidence Opco owned, managed, operated, and/or otherwise was responsible for the San Joaquin Nursing and Rehabilitation Center located at 3601 San Dimas Street in Bakersfield, California.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, et seq.

4. Pursuant to supplemental jurisdiction, 28 U.S.C. § 1367, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California state law.

5. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the San Joaquin Nursing and Rehabilitation Center is in this district and Plaintiff's cause of action arose in this district.

## FACTUAL ALLEGATIONS

6. Plaintiff is disabled.

7. Plaintiff suffers from a disability and/or medical condition that is a disability.

8. Among other things, Plaintiff suffers from multiple sclerosis.

9. Plaintiff's disability affects Plaintiff's daily life in many ways, but most relevant for this matter, Plaintiff has significant mobility issues that require Plaintiff to utilize a walker and occasionally a wheelchair.

10. Plaintiff utilizes a service animal, a dog, to help with the challenges resulting from Plaintiff's disability.

11. Plaintiff's service animal is specifically trained to, among other things, help open sensor and button-active doors for Plaintiff.

12. On or about October 31, 2022, Plaintiff visited the San Joaquin Nursing and Rehabilitation Center located at 3601 San Dimas Street in Bakersfield, California. Plaintiff used to reside at the center and was returning to visit with friends.

13. Plaintiff was accompanied by her service animal during her visit.

14. However, upon approaching the entrance, Defendant's employees told Plaintiff that they would not let her in with her service animal. Specifically, Defendant's employees told Plaintiff that dogs were not welcome at the nursing home.

15. Plaintiff tried to tell Defendant's employees that her dog was a working and trained service animal, but they would not listen. They did not allow Plaintiff to proceed with her visit.

16. Defendant totally and completely denied Plaintiff access to the nursing home. Plaintiff had no choice but to leave.

17. Plaintiff would sincerely like to return to the nursing home. Plaintiff used to reside at the nursing home earlier this year and still has acquaintances there that she would like to visit. Plaintiff still lives in the area.

18. Plaintiff hopes that Valleyidence Opco will cease its illegal discriminatory conduct in the future so that she can visit with her service animal without fear of discrimination

## FIRST CAUSE OF ACTION

Violations of the Americans with Disabilities Act

42 U.S.C. § 12101, et seq.

19. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

20. Title III of the ADA bans disability discrimination against an individual in places of public accommodation.

21. The San Joaquin Nursing and Rehabilitation Center is a public accommodation.

22. The San Joaquin Nursing and Rehabilitation Center is a senior citizen center, other social service center establishment, or other place of lodging.

23. The ADA prohibits, among other types of discrimination, failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities.

24. Valleyidence Opco has a policy that restricts and denies access to patrons like Plaintiff.

25. Valleyidence Opco's conduct knowingly and willfully excluded Plaintiff from equal access to the public accommodation.

26. As a result of Valleyidence Opco's conduct, denying Plaintiff equal access to the San Joaquin Nursing and Rehabilitation Center, Plaintiff faces continuing discrimination. Plaintiff

continues to suffer denial of access and faces the prospect of unpleasant and discriminatory treatment should Plaintiff attempt to return to the San Joaquin Nursing and Rehabilitation Center.

27. It is readily achievable for Valleyidence Opco to provide Plaintiff and other disabled people like Plaintiff full and equal access to the San Joaquin Nursing and Rehabilitation Center.

28. Valleyidence Opco does not have any legitimate business justification to excuse the denial of Plaintiff's equal access.

29. Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a qualified disabled person for purposes of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing Plaintiff will be subjected to such discrimination each time that Plaintiff may use the property and premises, or attempt to patronize the San Joaquin Nursing and Rehabilitation Center, in light of Valleyidence Opco's conduct.

30. Valleyidence Opco's acts have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court.

31. Plaintiff seeks injunctive relief as to Valleyidence Opco's inaccessible policies. Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices that deny full and equal access for disabled persons. Further, Plaintiff seeks an award of reasonable statutory attorney fees, litigation expenses, and costs.

**SECOND CAUSE OF ACTION**

Denial of Full and Equal Access to Public Facilities in a Public Accommodation

Civ. Code §§ 54 *et seq*.

32. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

33. The San Joaquin Nursing and Rehabilitation Center is a public accommodation that Valleyidence Opco owns, manages, and/or operates.

34. Valleyidence Opco denied and interfered with Plaintiff's ability to access the San Joaquin Nursing and Rehabilitation Center.

35. Plaintiff prays for injunctive relief that prohibits the acts complained of herein, which have the effect of wrongfully excluding Plaintiff and other members of the public who are disabled from full and equal access to the San Joaquin Nursing and Rehabilitation Center. Such acts and omissions are the cause of mental and emotional suffering for Plaintiff.

36. Plaintiff wishes to return to utilize what the San Joaquin Nursing and Rehabilitation Center has to offer, including visiting her friends, but she is substantially deterred from returning to the San Joaquin Nursing and Rehabilitation Center because the lack of access and the significant policy barriers will foreseeably cause Plaintiff further difficulty, discomfort and embarrassment, and Plaintiff is unable to achieve equal access to and use of these public facilities, so long as such acts and omissions of Valleyidence Opco continues.

37. Plaintiff seeks injunctive relief as to Valleyidence Opco's inaccessible policies. Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices that deny full and equal access for disabled persons, and seeks an award of reasonable statutory attorney fees, litigation expenses and costs.

38. As a result of the denial of full and equal access to the described facilities and due to the acts and omissions of Valleyidence Opco, Plaintiff has suffered a violation of Plaintiff's civil rights, including but not limited to rights under Civil Code sections 54 and 54.1, and has suffered difficulty, discomfort and embarrassment, and physical, mental, and emotional personal injuries.

39. Valleyidence Opco's actions and omissions constitute discrimination against Plaintiff on the basis that Plaintiff was and is disabled and unable, because of the policy barriers created and/or maintained by Valleyidence Opco in violation of the subject laws, to use the facilities on a full and equal basis as other persons.

40. Plaintiff has been damaged by Valleyidence Opco's wrongful conduct.

41. At all times herein mentioned, Valleyidence Opco was fully aware that significant numbers of potential users of the public facilities were, are, and will be disabled persons, and would have need of facilities that complied with California Title 24 and ADA Standards for Accessible Design standards for accessible facilities.

42. Despite this knowledge, Valleyidence Opco installed and maintained the policy barriers

complained of, failed to remove these unlawful policies, and failed to provide and maintain properly accessible facilities, including but not limited to those previously noted hereinabove, as required by state and federal law.

43. Plaintiff believes Valleyidence Opco has ignored complaints about the lack of proper disabled access by other disabled persons.

44. Valleyidence Opco has continued the illegal and discriminatory practices despite actual knowledge that persons with disabilities may attempt to patronize the San Joaquin Nursing and Rehabilitation Center and encounter illegal policy barriers which deny them full and equal access when they do so.

45. At all times herein mentioned, Valleyidence Opco knew, or in the exercise of reasonable diligence should have known, that the practices at the San Joaquin Nursing and Rehabilitation Center violated disabled access requirements and standards, and would have a discriminatory effect upon Plaintiff and upon other disabled persons, but Valleyidence Opco has failed to rectify the violations, and presently continue a course of conduct of maintaining policy barriers that discriminate against Plaintiff and similarly situated disabled persons. Plaintiff alleges that an award of statutory treble damages is appropriate.

46. Valleyidence Opco's conduct also violated the ADA.

47. Further, although it is not necessary for Plaintiff to prove wrongful intent in order to show a violation of California Civil Code sections 54 and 54.1 or of Title III of the ADA, Valleyidence Opco's behavior was intentional. Plaintiff believes Valleyidence Opco was aware and/or was made aware of the duties to refrain from establishing discriminatory policies against disabled persons, prior to the filing of this complaint. Valleyidence Opco's establishment of their discriminatory policy denying access to disabled persons to safely have full and equal access to the San Joaquin Nursing and Rehabilitation Center, and their implementation of such a discriminatory policy against Plaintiff, indicate actual and implied malice toward Plaintiff and conscious disregard for Plaintiff's rights.

48. Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses, and costs. Additionally, Plaintiff's lawsuit is intended to require that Valleyidence Opco make the facilities accessible to all disabled members of the public, justifying "public interest" attorney fees,

litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

49. Plaintiff suffered damages as described as a result of Valleyidence Opco's violations. Damages are ongoing. Plaintiff remains hesitant and apprehensive about returning to the San Joaquin Nursing and Rehabilitation Center. Plaintiff seeks the relief that is afforded by Civil Code sections 54, 54.1, 54.3, and 55, including treble damages.

## THIRD CAUSE OF ACTION

Violations of the Unruh Civil Rights Act

California Civil Code §§ 51-53

50. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

51. Valleyidence Opco intentionally discriminated against Plaintiff, denying Plaintiff full and equal access to the San Joaquin Nursing and Rehabilitation Center.

52. The San Joaquin Nursing and Rehabilitation Center is a business establishment.

53. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code 51(f).

54. Valleyidence Opco's acts and omissions as specified with regard to the discriminatory treatment of Plaintiff, on the basis of Plaintiff's disabilities, have been in violation of California Civil Code §§ 51 and 51.5, the Unruh Civil Rights Act, and have denied to Plaintiff's right to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

55. Plaintiff was harmed.

56. Valleyidence Opco's conduct was a substantial factor in causing Plaintiff's harm.

57. Valleyidence Opco's conduct violated the ADA.

58. As a result of the violation of Plaintiffs civil rights protected by California Civil Code §§ 51 and 51.5, Plaintiff is entitled to the rights and remedies of California Civil Code § 52, including a trebling of actual damages, minimum statutory damages, as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof.

59. Plaintiff also seeks to enjoin Valleyidence Opco from violating disabled persons' rights.

## PRAYER

Plaintiff hereby prays for the following:

1. Injunctive relief compelling Valleyidence Opco to cease discrimination against disabled persons and remove all accessibility policy barriers that relate to Plaintiff's disability;

2. Damages including actual damages and at least a statutory minimum of $4,000 for each offense;

3. Attorney's fees pursuant to 42 U.S.C. 12205, Civil Code sections 52, 54.3, and 55, Code of Civil Procedure section 1021.5, and/or other statute(s), expenses, and costs of suit;

4. Other relief that the court deems appropriate.

Dated: December 2, 2022                    Law Office of Rick Morin, PC

_____
Richard Morin
Attorney for Plaintiff